**The Law Offices of Jeffrey Lohman, P.C.**
JEFFERY LOHMAN
4740 Green River Road
Suite 219
Corona, CA 92880
(657) 363-3332
(714) 362-0097 - fax
E-Mail: JeffL@jlohman.com

Attorneys for Plaintiff,
MELINDA CLARK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| MELINDA CLARK, | ) **Case No.:** |
|  | ) |
| Plaintiffs, | ) **PLAINTIFF'S COMPLAINT FOR** |
|  | ) **DAMAGES** |
| v. | ) **(Unlawful Debt Collection Practices)** |
|  | ) |
| CAPITAL ONE BANK (USA), N.A., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## COMPLAINT

MELINDA CLARK ("Plaintiff"), by her attorneys, alleges the following against

CAPITAL ONE BANK (USA), N.A. ("Defendant"):

1.  Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et. seq.* and in violation of Texas's Fair Debt Collection Practices Act (hereinafter TFDCPA), *TX FIN § 392.00 et. seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in the county of Jefferson, in the city of Houston, Texas.

5. Defendant is a corporation doing business in the State of Texas, and is a Virginia corporation with its principal place of business located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (713) 382-45XX.

PLAINTIFF'S COMPLAINT

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MELINDA CLARK.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On March 29, 2017, at or around 10:41 a.m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (800) 955-6600. Plaintiff spoke with Defendant's female representative "Alice" and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

PLAINTIFF'S COMPLAINT

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system on any and all account she may have had with Defendant in her conversation with Defendant's representative on March 29, 2017.

19. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on March 30, 2017, and March 31, 2017.

20. On May 31, 2017, Plaintiff called in a second time and spoke with Defendant's representative, and asked Defendant to stop contacting her cell phone.

21. Defendant continued to place collection calls to Plaintiff through May 31, 2017.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred twelve (112) automated calls to Plaintiff's cell phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
## TX FIN § 392.00 et. seq.

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

30. Defendants violated TDCPA § 392.  Defendants' violations of TDCPA § 392 include, but are not limited to the following:

    a.   Defendants violated TDCPA § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass a person at the called number.

///

///

WHEREFORE, Plaintiff, MELINDA CLARK, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

<u>FIRST CAUSE OF ACTION</u>

29. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein: $56,000.00.

30. Actual damages and compensatory damages according to proof at time of trial;

<u>SECOND CAUSE OF ACTION</u>

31. For statutory damages of multiplied by the number of TCPA violations alleged herein: $186,000.00;

32. Actual damages and compensatory damages according to proof at time of trial;

<u>THIRD CAUSE OF ACTION</u>

33. Declaratory judgment that Defendant's conduct violated the Texas Fair Debt Collection Practices Act;

34. Actual damages and compensatory damages according to proof at time of trial.

35.  Costs and reasonable attorney's fees at time of trial.

<u>ON ALL CAUSES OF ACTION</u>

36. Actual damages and compensatory damages according to proof at time of trial;

37. Costs and reasonable attorneys' fees;

38. Any other relief that this Honorable Court deems appropriate.

39. Any other relief that this Honorable Court deems appropriate.

///

///

///

///

///

PLAINTIFF'S COMPLAINT

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.


RESPECTFULLY SUBMITTED,

DATED:  June 30, 2017


**The Law Offices of Jeffrey Lohman, P.C.**

By:  */s/Jeffrey Lohman*_____
JEFFREY LOHMAN
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT